IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Amy Williams,<br><br>Plaintiff,<br><br>v.<br><br>MKKM, Inc., Eagle's Landing Restaurants, LLC (IHOP), Eagle's Landing Restaurants, Inc., Eagle's Landing International, LLC, IHOP #3141 MKKM, Inc., and IHOP #3141 MKKM Inc. 200602183,<br><br>Defendants. | C/A 2:14-4509-DCN-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff asserting claims under, inter alia, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Plaintiff is alleged to be a former employee of the corporate Defendants.[1] The Defendants filed a partial motion to dismiss pursuant to Rule 12(b), Fed.R.Civ.P., on May 5, 2015, seeking dismissal of Plaintiff's Second, Third, and Fourth Causes of Action. Plaintiff filed a memorandum in opposition to the Defendants' motion on May 25, 2015, to which the Defendants filed a reply memorandum on May 29, 2015.

[1]By Stipulation of Dismissal filed May 5, 2015, originally named Defendants International House of Pancakes, LLC and Dine Equity, Inc. were dismissed as party Defendants in this case. The other corporate Defendants named in the caption of the Complaint and as listed hereinabove remain as party Defendants.





The Defendants' motion is now before the Court for disposition.[2]

**Allegations of Plaintiff's Complaint**

Plaintiff alleges in her Amended Complaint that she began working for the Defendants on or about November 2013. Plaintiff alleges that during the course of her employment, she was subjected to inappropriate sexual advances, comments and gestures by her supervisor, Assistant Manager Lamont. Plaintiff further alleges that she reported Lamont's lewd and inappropriate behavior to Supervisor Angela Smith, the corporate office, a shift manager, as well as the District Manager, following which she suffered retaliation by way of "harsh" treatment, being placed on suspension, and by having her scheduled work hours manipulated. Amended Complaint, ¶ ¶ 10-13. Plaintiff also alleges that she was forced to continue to work with Lamont, whose harassment and inappropriate behavior continued, thereby creating a hostile work environment. Plaintiff alleges that when she notified another coworker in February 2013 about the continuing sexual harassment and inappropriate behavior she was experiencing, she was again retaliated against, placed on suspension, made to work in the dish room washing dishes instead of waiting tables, and ultimately constructively discharged on February 22, 2013. Plaintiff alleges that despite reporting the inappropriate behavior, Defendants did not take appropriate action to resolve the problem and instead disciplined the Plaintiff, including scheduling her to report to work but then having her sit and not work without any pay until there was a table available to serve, resulting in the Plaintiff often sitting around for extensive periods of time without being paid. Id., ¶ ¶ 15-19.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.





In her **Second Cause of Action**, Plaintiff asserts a claim for violation of the South Carolina Payment of Wages Act ("SCPWA"). Plaintiff alleges that during the course of her employment she was called to report in to work but the Defendants would then require her to just "sit" and would not begin to pay her until there was a table available to serve. As such, Plaintiff alleges that the Defendants refused to pay her for wages due to her for this time in violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et. seq., entitling her to an award of unpaid wages, treble damages, attorneys fees and costs. Id., ¶ ¶ 38-41.

In her **Third Cause of Action**, Plaintiff asserts a claim for violation of the Fair Labor Standards Act, in that because the Defendants have failed to pay her for the time she is at work but not waiting on a table, the Defendants have failed and continue to fail to pay wages owed to her in violation of the FLSA. Id., ¶ ¶ 43-47.

In her **Fourth Cause of Action**, Plaintiff asserts a claim for negligent/negligent retention of employee, in which she alleges that the Defendants were negligent, wanton, reckless and/or acted with deliberate indifference by failing to adequately monitor and supervise the hiring practices of its personnel to ensure that only qualified applicants were hired, by failing to adequately train personnel in "public interaction" and what behavior constitutes sexual harassment, and by failing to supervise and correct actions of its personnel when the Defendants knew or should have known that Lamont had previously been the subject of prior sexual harassment lawsuits and that a pattern of questionable and unconstitutional practices and behavior existed. Id., ¶ ¶ 49-51.

**Discussion**

As noted, the Defendants have moved to dismiss Plaintiff's Second, Third and Fourth Causes of Action. When considering a motion to dismiss pursuant to Rule 12(b), the Court is





required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). After careful review and consideration of the arguments presented pursuant to this standard, the undersigned finds and concludes that the Defendants' motion should be **granted**, in part, and **denied**, in part, as is set forth below.

**I**

**(Second Cause of Action)**

The SCPWA creates a cause of action against an employer by an employee when the employer fails to pay wages to the employee as required by law. See S.C.Code Ann. § 41-10-80(C). "The purpose of the South Carolina Wage Payment Act is to protect employees from the unjustified and willful retention of wages by the employer". Cooper v. Ameritex Yarn, LLC, No. 04-1580, 2005 WL 3240653, at * 4 (D.S.C. Nov. 28, 2005). "Wages" are defined as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece or commission basis, or other method of calculating the amount . . . due to an employee under any employer policy or employment contract". S.C.Code Ann. § 41-10-10(2).

Defendants argue that Plaintiff has failed to state a claim under the SCPWA because "nothing in the SCPWA prohibits an employer from having . . . a policy" to not allow an employee like the Plaintiff here to begin work until there is a table available for service. Defendants' Memorandum, p. 7. However, Defendants' argument is a *defense* to Plaintiff's claim, while the only issue before the Court at this time is whether the allegations of Plaintiff's Complaint are sufficient





to set forth a "plausible" claim under the Wage Payment Act. Plaintiff alleges in her Amended Complaint that the Defendants (her employer), as a way of retaliating against her for complaining about Lamont's behavior, would schedule her to come into work, but that she was then "made to sit", with the Defendants refusing to pay her for the time she was at work except for when she was actually waiting on a table. Amended Complaint, ¶¶ 13, 18, 38-40. As such, Plaintiff clearly alleges in her Amended Complaint that she was an employee as defined by the Payment of Wages Act, that the Defendants are an employer under that Act, and that the Defendants failed to pay her all of the wages she was due while employed with the Defendants in a timely manner, in violation of the Act. See Young v. Roper St. Francis Heathcare, No. 12-2337, 2012 WL 6193888 at * 2 (D.S.C. Dec. 12, 2012); cf. Mathis v. Brown & Brown of S.C., Inc., 698 S.E.2d 773, 781 (S.C. 2010)[Noting that § 41-10-40 generally requires an employer to timely pay all wages due, and that under § 41-10-80(C) the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow].

While the Defendants may or may not be able to ultimately prevail on this claim at summary judgment or at trial, when *evidence* has been presented with respect to this claim, the undersigned does not find that this claim is subject to dismissal on a Rule 12 motion at this time. Vogt v. Greenmarine Holding, LLC, 318 F.Supp.2d 146 (S.D.N.Y. 2004)[Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"]; see also Austen v. Catterton Partners V, LP, 709 F.Supp.2d 172 (D.Conn. 2010) [Iqbal's plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation





that discovery will reveal evidence of illegal [conduct]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely"], citing Twombly, (internal quotation marks and citations omitted); cf . Weaver v. John Lucas Tree Expert Co., No. 13-1698, 2013 WL 5587854, at * 9-10 (D.S.C. Oct. 10, 2013) [Denying Rule 12 motion to dismiss claim under the South Carolina Payment of Wages Act]; Young, 2012 WL 6193888, at * 2 [Denying Rule 12 motion to dismiss claim under the South Carolina Payment of Wages Act].

**II.**

**(Third Cause of Action)**

The FLSA, 29 U.S.C. § 2001, et. seq., provides a private cause of action for employees to enforce the minimum wage and overtime provisions of the Act. See 29 U.S.C. § 216(b). Under the Act, there is generally no violation of the FLSA where wages do not fall below the statutory hourly minimum and/or hours do not exceed the amount required for overtime; Nakahata v. N.Y.-Presbyterian Heathcare Sys., Inc., 723 F.3d 192, 201 (2nd Cir. 2013); and Defendants correctly note in their brief that Plaintiff has not alleged anywhere in her Complaint that she worked more than forty (40) hours a week or was not paid at least the statutorily required minimum wage for her work. Rather, Plaintiff's complaint, as with her state law Payment of Wages Act claim, is that she was not paid by the Defendants for time when she was required by her employer to be at work. As such, Plaintiff's claim is a "gap-time" claim, which is a claim "in which an employee . . . seeks recovery of unpaid time worked"; Lundy v. Catholic Health System of Long Island, Inc., 711 F.3d 106, 115 (2nd Cir. 2013); and the FSLA does not provide a cause of action for unpaid gap-time. Id., at 116-117; see also Nakahata, 723 F.3d at 201.





Plaintiff argues in her response brief that not being paid for time she was at work is the equivalent of her receiving wages "less than the established minimum wage", and that therefore her claim is sufficient to state a violation of the FLSA. Plaintiff's Brief, pp. 6-7. However, Plaintiff does not allege that the wages she was being paid by the Defendants was below the statutorily required minimum wage - rather, her allegation is that she received no pay at all for time worked. That is a gap-time claim, and is therefore not prosecutable under the FLSA. Nakahata, 723 F.3d at 201-202.

Therefore, the Defendants are entitled to dismissal of Plaintiff's Third Cause of Action.

**III.**

**(Fourth Cause of Action)**

Finally, Defendants argue that Plaintiff's claim for negligent hiring, training or supervision of its employee Lamont is barred by the exclusivity provision of the South Carolina Workers Compensation Act, and after careful review and consideration of the allegations of the Complaint in conjunction with the applicable caselaw, the undersigned is constrained to agree. South Carolina courts applying § 42-1-540 [the exclusive remedy provision of the Workers Compensation Act] have specifically held that an employee's claims against an employer for injury based on negligent hiring, supervision or training are covered by the Workers' Compensation Act. See Dickert v. Metropolitan Life Ins. Co., supra [holding that the Act provides the exclusive remedy for work-related injuries, and that claims for negligence, including hiring, retention, and supervision, as well as emotional distress are covered by the Act]; Palmer v. House of Blues Myrtle Beach Restaurant Corp., No. 05-3301, 2006 WL 2708278, at * 3 (D.S.C. Sept. 20, 2006); Loges v. Mack





Trucks, 417 S.E.2d 538 (S.C. 1992)[Dismissal of claim of negligent supervision under Workers Compensation Act]; see also Powell v. Vulcan Materials Co., 384 S.E.2d 725 (S.C. 1989); Thompson v. J. A. Jones Const. Co., 19 S.E.2d 226 (S.C. 1942); Washington v. Hilton Hotels Corp., No. 07-2694, 2008 WL 747792, at * 4 (D.S.C. Mar. 17, 2008); Ray v. Bechtel Savannah River, Inc., No. 06-2946, 2007 WL 1960587 (D.S.C. July 2, 2007)[Granting motion to dismiss]. This finding is the same even where, as here, the Defendants' conduct is alleged to have been wanton, willful and reckless. Washington v. Hilton Hotels Corp., 2008 WL 747792, at * 7; Palmer v. House of Blues Myrtle Beach Restaurant Corp., 2006 WL 2708278, at * 3.

While Plaintiff argues that dismissal of her negligent retention claim is premature at this time as discovery in the case has not been completed, that argument does not save Plaintiff's claim from dismissal where the factual allegations in her Complaint fail to state a "plausible" claim for relief under the applicable case law. Plaintiff does point out that there are some exceptions to the exclusivity provision in the South Carolina Workers Compensation Act; see Plaintiff's Brief, p. 5; but she has failed to allege any facts that would bring her claim under any of these exceptions. Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; Twombly, 550 U.S. at 555 ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; cf. Charleston, S.C. Registry for Golf & Tourism, Inc. v. Young Clements Rivers & Tisdale, LLP, 598 S.E.2d 717, 722-723 (S.C. Ct. App. 2004)[setting forth standard for when an employer may be liable for negligent supervision of an employee].

Therefore, the Defendants are entitled to dismissal of this claim. See Harper v.





United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]; see also Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.].

**Conclusion**

Based on the foregoing, it is **recommended** that the Defendants' motion to dismiss Plaintiff's Third and Fourth Causes of Action for violation of the FLSA and for negligent supervision/retention should be **granted**, and those Causes of Action should be **dismissed**. However, Defendants' motion to dismiss Plaintiff's Second Cause of Action under the South Carolina Payment of Wages Act should be **denied** at this time for the reasons stated.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

September 24, 2015
Charleston, South Carolina





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



