**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| AMY WILLIAMS, | ) | |
| | ) | No. 2:14-cv-04509-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| MKKM, INC., EAGLE'S LANDING | ) | |
| RESTAURANTS, LLC (IHOP), EAGLE'S | ) | |
| LANDING RESTAURANTS, INC., | ) | |
| EAGLE'S LANDING INTERNATIONAL, | ) | |
| LLC, IHOP #3141 MKKM, INC., and, | ) | |
| IHOP #3141 MKKM INC. 200602183, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the court on United States Magistrate Judge Bristow

Marchant's Report and Recommendation ("R&R") that this court grant in part and deny

in part defendants MKKM, Inc., Eagle's Landing Restaurants, LLC (IHOP), Eagle's

Landing Restaurants, Inc., Eagle's Landing International, LLC, IHOP #3141 MKKM,

Inc., and IHOP #3141 MKKM Inc. 200602183's (collectively "defendants") partial

motion to dismiss plaintiff Amy Williams's ("Williams") second, third, and fourth causes

of action pursuant to Federal Rule of Civil Procedure 12(b). Specifically, the magistrate

judge recommends that this court grant defendants' motion to dismiss as to Williams's

third and fourth causes of action for violation of the Fair Labor Standards Act and for

negligent supervision/retention, but deny defendants' motion to dismiss as to Williams's

second cause of action under the South Carolina Payment of Wages Act. For the reasons

set forth below, the court adopts the R&R in full and grants defendants' motion to

1

dismiss Williams's third and fourth causes of action, but denies defendants' motion to dismiss Williams's second cause of action.

## I. BACKGROUND

Williams alleges that on or about November 2013, she began working for defendants at the IHOP location on Center Point Drive in North Charleston, South Carolina. Am Compl. ¶ 10. Williams alleges that immediately upon her employment, her supervisor, Assistant Manager Lamont ("Lamont"), subjected her to inappropriate sexual advances, comments, and gestures. Id. ¶ 11. Williams alleges that Lamont continued to sexually harass her, verbally and physically, despite her asking him to stop, pushing his hands off of her, and threatening to report him. Id. ¶ 12.

Williams alleges that on numerous occasions in November 2013, she reported Lamont's behavior to Supervisor Angela Smith ("Smith"), the corporate office, a shift manager, and a district manager. Id. ¶ 13. Williams claims that defendants "began treating [her] harshly in retaliation for reporting the lewd and inappropriate behavior" and immediately placed her on suspension. Id. Williams alleges that when she "showed during her regular [sic] schedules hours to work . . . [she] would not be allowed to clock in until there was a table available to serve." Id. Williams further alleges that she was forced to continue to work with Lamont even though his harassment and inappropriate behavior continued. Id. ¶ 15. In February 2013, Williams alleges that defendants retaliated against her after she notified another co-worker of the continuing sexual

harassment.  Id.  According to Williams, she was constructively discharged on February 22, 2013.[1]

Williams filed the present action on November 24, 2014 and filed an amended complaint on April 9, 2015.  Williams brings the following causes of action:  (1) sexual discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) violation of the South Carolina Payment of Wages Act ("SCPWA"); (3) violation of the Fair Labor Standards Act ("FLSA"); and (4) negligent retention.  On May 5, 2015, defendants filed a partial motion to dismiss Williams's second, third, and fourth causes of action. Defendants argue that:  (1) Williams's SCPWA claim must be dismissed because Williams does not allege that defendants violated a policy or employment agreement provision; (2) Williams's FLSA claim must be dismissed because she fails to allege that she worked more than 40 hours in a week or that defendants reduced her wages below the federal minimum requirement; and (3) Williams's negligent retention claim must be dismissed because it is barred by the South Carolina Workers' Compensation Act, which provides the exclusive remedy for personal injuries arising in the course and scope of employment.  Defs.' Mot. 2.  Williams filed a response in opposition to defendants' motion to dismiss on May 22, 2015.  The magistrate judge issued an R&R on September 24, 2015.  Defendants filed objections to the R&R on October 13, 2015, specifically objecting to the magistrate judge's recommendation that the court deny defendants'

---

[1]     Although the amended complaint alleges that Williams was constructively discharged in February 2013, it also alleges that Williams did not begin work until November 2013.  Resolution of this issue is not dispositive to the present motion, and the court will assume that the inconsistency is the result of a clerical error.

motion to dismiss Williams's SCPWA claim.  Williams did not file objections to the R&R.[2]  The motion has been fully briefed and is now ripe for the court's review.

## II.  STANDARDS

This court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 149–50 (1985).  In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a <u>de novo</u> review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  <u>Mathews v. Weber</u>, 423 U.S. 261, 270–71 (1976).  The court may adopt the portions of the R&R to which the plaintiff did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  <u>Thomas</u>, 474 U.S. at 149–50.  This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration.  28 U.S.C. § 636(b)(1).

---

[2]    Williams did not object to the magistrate judge's recommendation that the court dismiss her third and fourth causes of action.   After reviewing the record for clear error and finding none, the court adopts the R&R as it pertains to Williams's third and fourth causes of action for negligent retention/supervision and violation of the FLSA.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. A complaint must contain sufficient factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

### III.  DISCUSSION

Williams alleges that when she "showed during her regular [sic] scheduled work hours to work[, she] would not be allowed to clock in until there was a table available to serve." Am. Compl. ¶ 13. Williams further alleges that she "was scheduled to come into work and made to sit and not work with any pay until there was a table available to serve." Id. ¶ 18; see also id. ¶¶ 38–40.

5

"The SCPWA prohibits employers from unilaterally withholding an employee's wages unless the employer has given written notification to the employee of the amount and terms of the deductions." <u>Visco v. Aiken Cty., S.C.</u>, 974 F. Supp. 2d 908, 920 (D.S.C. 2013) (citing S.C. Code Ann. § 41–10–40(C) (Supp. 2011)). "'Wages' means all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract." <u>Id.</u> (citing S.C. Code Ann. § 41–10–10)). Therefore, the SCPWA provides relief for an employer's failure to pay wages in accordance with its own policies. <u>See id.</u> (granting the defendant's motion for summary judgment as it pertained to a SCPWA claim because "the SCPWA only required that it pay [p]laintiffs benefit days in accordance with or as set forth in its ordinances").

The magistrate judge found Williams's allegations that defendants retaliated against her by making her sit and wait for a table without paying her sufficient to state a claim for violation of the SCPWA. R&R 4–6 (citing Am. Compl. ¶¶ 13, 18, 38–40). The magistrate judge stated the following: While [defendants] may or may not be able to ultimately prevail on this claim at summary judgment or trial, when <u>evidence</u> has been presented with respect to this claim, the undersigned does not find that this claim is subject to dismissal on a Rule 12 motion at this time." <u>Id.</u> at 5 (emphasis in original). Defendants argue that "an employee's failure to allege a violation of an employer pay policy or an employment contract is not a defense to a SCPWA cause of action" but rather is a necessary element that the employee must allege in order to state a claim

6

against an employer.  Defs.' Obj. 5.  Defendants argue that Williams's SCPWA claim must be dismissed because she failed to make such an allegation.

The court agrees with the magistrate judge and finds that Williams has alleged sufficient facts to state a plausible claim for relief.  Defendants do not cite a single case in which a court dismissed a SCPWA claim because the plaintiff failed to state that the defendants conduct violated a specific policy or employment contract provision.  Further, the court's research did not reveal such a case.  In support of their objections, defendants cite Visco, 974 F. Supp. 2d at 920, in which the court granted summary judgment on a SCPWA claim because there was no evidence to support a finding that the defendant unjustifiably retained the plaintiff's wages as required under its own ordinances.[3] However, unlike the procedural posture of this case, Visco involved a motion for summary judgment and not a motion to dismiss.  Unlike the court in Visco, this court is only required to determine—viewing the allegations as true and drawing all reasonable inferences in Williams's favor—whether the allegations contained in the complaint state a plausible claim for relief.

Williams alleges that her employer forced her to sit and wait for a table to serve before she could clock in and was thereby deprived of wages due in violation of S.C. Code Ann. § 41-10-10.  See Am. Compl. ¶¶ 13, 18, 38–40.  Therefore, Williams alleges that she was an employee as defined under the SCPWA, that defendants are an employer

---

[3]     Defendants also cite Rice v. Multimedia, Inc., 456 S.E.2d 381, 384 (S.C. 1995), in support of their objections.  Defs.' Obj. 6.  The court in Rice simply recognized that an employer may establish policies that determine what wages are "due" under the SCPWA. Id.  Rice does not, however, stand for the proposition that a plaintiff's failure to specifically allege that the defendant's conduct violated a policy or contract provision warrants dismissal.

as defined under the SCPWA, and that defendants failed to pay her all of the wages she

was due in violation of the SCPWA.  Construing all allegations and inferences in the light

most favorable to Williams, the court finds that the allegations state a plausible claim

under the SCPWA sufficient to withstand defendants' motion to dismiss.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the R&R and **GRANTS**

defendants' motion to dismiss plaintiff's third and fourth causes of action, but **DENIES**

defendants' motion to dismiss plaintiff's second cause of action

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

January 25, 2016
Charleston, South Carolina

8